UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

KARSTEN KLEIN,    )
    Plaintiff    )
    )
v.    )  Civil Action
    )  No. 04 10799 MLW
    )
McALLISTER TOWING &    )
TRANSPORTATION COMPANY, INC.    )
    Defendant    )
    )

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

General Factual Allegations

1. The Plaintiff, Karsten Klein, is a resident of Eastham, County of Barnstable, Commonwealth of Massachusetts.

2. The Defendant, McAllister Towing & Transportation Company Inc., is a corporation, duly organized and existing under the laws of the State of Deleware, with a principal place of business in Manhatan, New York City, New York State.

3. On or about May 14, 2001, the Defendant, McAllister Towing & Transportation Company Inc., was doing business within the Commonwealth of Massachusetts.

4. On or about May 14, 2001, the Plaintiff, Karsten Klein, was employed by the Defendant, McAllister Towing & Transportation Company Inc.

5. On or about May 14, 2001, the Plaintiff, Karsten Klein, was employed by the Defendant, McAllister Towing & Transportation Company Inc., as a seaman, and a member of

the crew of the TUG MCALLISTER BROTHERS.

6. On or about May 14, 2001, the Defendant, McAllister Towing & Transportation Company Inc., owned the TUG MCALLISTER BROTHERS.

7. The Defendant, McAllister Towing & Transportation Company Inc., chartered the TUG MCALLISTER BROTHERS from some other person or entity such that on or about May 14, 2001 the Defendant, McAllister Towing & Transportation Company Inc. was the owner pro hac vice of the TUG MCALLISTER BROTHERS.

8. On or about May 14, 2001, the Defendant, McAllister Towing & Transportation Company Inc., operated the TUG MCALLISTER BROTHERS.

9. On or about May 14, 2001, the Defendant, McAllister Towing & Transportation Company Inc., or the Defendant's agents, servants, and/or employees, controlled the TUG MCALLISTER BROTHERS.

10. On or about May 14, 2001, the TUG MCALLISTER BROTHERS was in navigable waters.

11. On or about May 14, 2001, while in the in the performance of his duties in the service of the TUG MCALLISTER BROTHERS, the Plaintiff, Karsten Klein, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Karsten Klein, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

Karsten Klein v. McAllister Towing & Transportation Company Inc.

(JONES ACT NEGLIGENCE)

15. The Plaintiff, Karsten Klein, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Karsten Klein, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Karsten Klein, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Karsten Klein, demands judgment against the Defendant, McAllister Towing & Transportation Company Inc., in the amount to be determined by the jury together with interest and costs.

## COUNT II

Karsten Klein v. McAllister Towing & Transportation Company Inc.

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, Karsten Klein, reiterates the allegations set forth in paragraphs 1

through 14 above.

20. The personal injuries sustained by the Plaintiff, Karsten Klein, were due to no fault of his, but were caused by the Unseaworthiness of the TUG MCALLISTER BROTHERS.

21. As a result of said injuries, the Plaintiff, Karsten Klein has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Karsten Klein, demands judgment against the Defendant, McAllister Towing & Transportation Company Inc., in the amount to be determined by a jury together with interest and costs.

## COUNT III

### Karsten Klein v. McAllister Towing & Transportation Company Inc.

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, Karsten Klein, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Karsten Klein, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Karsten Klein, demands judgment against the Defendant, McAllister Towing & Transportation Company Inc., in the amount of $100,000 for maintenance and cure, together with costs and interest.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, AND III.

                          Respectfully submitted for the
                          the Plaintiff, Karsten Klein,
                          by his attorney,

                          _____
                          David F. Anderson, BBO #560994
                          Latti & Anderson LLP
                          30-31 Union Wharf
                          Boston, MA 02109
                          (617) 523-1000

Dated: 4/20/04